IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE  DIVISION

Randy L. Valentine, #198972,                    )
                                                )
                        Plaintiff,              )        C.A. No. 4:06-2314-HMH-TER
                                                )
            vs.                                 )        **OPINION & ORDER**
                                                )
Thiery Nettles, Major at Lieber                 )
Correctional Institution; John Cusack,          )
Doctor at Lieber Correctional Institution;      )
John Does, Officers; Jane Garmany,              )
Nurse at Gilliam Psychiatric Hospital;          )
Robin Hancock, Health Counsel;                  )
Richard Frierson, Doctor at Gilliam             )
Psychiatric Hospital; Brian R. Blanton,         )
Doctor at Gilliam Psychiatric Hospital;         )
and Jim E. Page, Director-Hospital              )
Administrator at Gilliam Psychiatric            )
Hospital; sued in their individual              )
capacities,                                     )
                                                )
                        Defendants.             )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)

(2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy L. Valentine

("Valentine"), a state prisoner proceeding pro se, alleges various violations to his civil rights

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

under 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Defendants Thiery Nettles, Robin Hancock, James E. Page, and Brian R. Blanton's (collectively "Defendants") motion for summary judgment and denying Valentine's motion for summary judgment. In addition, the Magistrate Judge recommends dismissing the action in its entirety, as the remaining Defendants who did not join in the motion for summary judgment have not been served.

## I. Factual and Procedural Background

Valentine is currently incarcerated at the Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. In his complaint, Valentine makes the following allegations: (1) that on August 14, 2004, he was kept naked in a holding cell without a toilet, toilet paper, a bed, a mattress, or food for over 96 hours, that Thiery Nettles ("Nettles") was aware of his situation, and that such action constitutes cruel and unusual punishment; (2) that on August 19, 2004, Dr. John Cusack ("Dr. Cusack") wrote a false medical report stating that Valentine has epilepsy or seizures, which constituted gross negligence, and that on March 12, 2005, Dr. Cusack ordered medication administered to Valentine even after Valentine refused the medication and indicated that he did not take medication; (3) that on September 1, 2004, (and on two occasions prior to that date) Valentine was handcuffed and taken to the shower by two "John Does" without a doctor's authorization or court order, and that such action constitutes cruel and unusual punishment; (4) that later in the day on September 1, 2004, he was handcuffed, restrained, and thrown down on his face "in a vicious manner" with excessive use of force, which caused an injury to his left index finger, while Nurse Jane Garmany ("Garmany") injected psychotropic medication in his buttocks against his will and without a

2

court order in the presence of Robin Hancock ("Hancock"), which constituted cruel and unusual punishment, gross negligence, and civil conspiracy; and Dr. Richard Frierson ("Dr. Frierson"), Dr. Brian Blanton ("Dr. Blanton"), and Jim Page ("Page") acted in conspiracy with the "John Does" and Garmany to violate his rights by attempting to implicate Valentine as being mentally ill.  (Compl. 5-11.)

On February 12, 2007, the Defendants filed a motion for summary judgment.  The Magistrate Judge issued an order notifying Valentine of the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on February 14, 2007.  Valentine responded to the motion for summary judgment and filed a cross-motion for summary judgment on March 23, 2007.[2]  The Defendants responded to Valentine's motion on March 27, 2007.

## II. OBJECTIONS

Valentine filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

3

Recommendation, or merely restate his claims.  However, the court was able to glean three specific objections.

First, Valentine objects to the Magistrate Judge's recommendation to grant the Defendants' motion for summary judgment with respect to his allegations that the conditions of the holding cell violated the Eighth Amendment's prohibition against cruel and unusual punishment.  (Objections 6.)  The Magistrate Judge recommended granting the Defendants' motion for summary judgment with respect to Valentine's holding cell allegations because Valentine "has not alleged that he suffered any serious or significant physical or mental harm as a result of the challenged conditions . . . [or] produced any expert testimony or medical records that show he developed any medical condition as a result of his placement in the holding cell."  (Report and Recommendation 9-10.)  Valentine contends that because he was denied "basic human needs . . . no physical or mental harm need be demonstrated to state an 8th Amendment violation."  (Objections 6.)  This argument is without merit.

"[I]n order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).  Valentine has produced no such evidence.  Therefore, the Defendants' motion for summary judgment is granted with respect to Valentine's holding cell allegations.

Second, Valentine objects to the Magistrate Judge's reference to his medical records submitted in support of the Defendants' motion for summary judgment.  However, this objection is without merit.  The Defendants submitted the affidavit of Dr. John P. Emerick

4

("Dr. Emerick"), in which Dr. Emerick states that he has reviewed Valentine's medical records and summarizes them. (Def.s' Mot. Summary J. Ex. A (Dr. Emerick Aff. 1-6).) This is sufficient pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and the Magistrate Judge properly considered Valentine's medical records. Furthermore, the Magistrate Judge relies on Dr. Emerick's affidavit and Valentine's allegations for his findings and conclusions, rather than the medical records submitted by the Defendants. Therefore, even if the medical records are not considered, the Defendants are entitled to summary judgment.

Finally, Valentine objects "to the Magistrate not addressing my motion for summary judgment." (Objections 9.) There is no evidence that the Magistrate Judge did not consider Valentine's motion for summary judgment separately. Magistrate Judge Rogers independently recommends denying Valentine's motion for summary judgment. Further, out of an abundance of caution, the court has reviewed Valentine's motion for summary judgment and finds that he fails to demonstrate that he is entitled to summary judgment. Therefore, this objection is without merit. Based on the foregoing, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 21, is granted. It is further

**ORDERED** that Valentine's motion for summary judgment, docket number 25, is denied. It is further

**ORDERED** that this action is dismissed in its entirety, as the remaining Defendants have not been served.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 18, 2007

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.